Lies Lilianski and Sarah Lilianski v. Commissioner.
Lilianski v. Commissioner
Docket No. 60085.
United States Tax Court
T.C. Memo 1957-135; 1957 Tax Ct. Memo LEXIS 114; 16 T.C.M. (CCH) 610; T.C.M. (RIA) 57135; July 29, 1957
*114 Michael Kaminsky, Esq., and Benjamin Messinger, Esq., for the petitioners. Joseph F. Rogers, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The Commissioner determined deficiencies in income tax and additions to tax for the year 1953 set out in the statement accompanying the statutory notice, as follows: Deficiency
Income Tax
$10,515.96
Penalty 50%
5,244.48
Penalty Sec. 294(d)(1)(A)
1,041.60
Penalty 6%
624.96
The statement further stated the following: Adjustments to Net Income
Net income as disclosed by return
$ 2,304.83
Unallowable deductions and addi-
tional income: (a) Unreported income
$29,924.46
(b) Interest income
183.84
30,108.30
Total
$32,413.13
The Commissioner allowed the standard deduction. The "Explanation of Adjustments" accompanying the statutory notice stated as follows, with reference to the above items: "(a) To include in income deposits in savings banks the source of which has not been satisfactorily explained. "(b) To include unreported interest on savings accounts. "(c) To allow a standard deduction." The item of $183.84 *115 consisting of interest in that amount taxed to petitioners is uncontested. The only question for decision is whether petitioners are taxable with bank deposits of $29,924.46. Findings of Fact The petitioners filed a joint return of income for the year 1953 with the collector of internal revenue for the second district of New York which disclosed wages in the amount of $1,954.83 and income of $350 from odd jobs. The petitioners immigrated to the United States in March of 1952. Lies Lilianski was unsuccessful in his efforts to find regular employment and was forced to depend on odd jobs. Sarah Lilianski obtained employment and her wages averaged between $35 and $40 per week. Neither petitioner had any other income nor did either engage in any other income-producing activity. Throughout the year 1953, Lies maintained an individual savings bank account in the South Brooklyn Savings Bank and another individual savings bank account in The Dime Savings Bank of Williamsburgh. Sarah also maintained her own individual savings bank account in The Dime Savings Bank of Williamsburgh. During the year 1953, the petitioners deposited, in their separate accounts in the said banks, a total *116 of $32,299.29. They withdrew, mostly in cash, the sum of $19,178. Most of these funds represented transfers of checks and money orders from petitioners' son then serving in the armed forces of the United States in Japan. The withdrawals were for the purpose of obtaining cash to be sent to the son, in Japan, by means of enclosurers in envelopes sent through the mail. The funds sent by the son were repayments to Lies of advances that he had made to his son beginning prior to the taxable year and continuing thereafter. The cash sent through the mail by Lies constituted loans and the excess held by Lies was, subsequently, turned over to his son. The son, Alan Delan, was an only child. He had preceded his parents as an immigrant, and had entered this country in January of 1949. When the petitioners arrived in this country Alan was already serving in the Army. He was thereafter sent to Japan, but the petitioners had seen him only during one short visit before he was transferred. The funds received by the petitioners by transfer from their son were not taxable income to petitioners. There was no omission of taxable income other than that of the item of interest income of $183.84, *117 the inclusion of which in the taxable income by the Commissioner was not claimed to be error by the petitioners. Petitioners are not liable for any additions to the tax by reason of either section 293(b), section 294(d)(1)(A), or section 294(d)(2) of the Internal Revenue Code of 1939. Opinion This case was decided from the bench in favor of the petitioners. The main question was whether the petitioners could satisfactorily explain the source of deposits in their bank accounts. We think the testimony and other evidence of record fully support our findings of fact to the effect that the bank deposits which the Commissioner included in the taxable income of the petitioners were not properly chargeable to them, but were the property of their son who was absent from the country serving in the armed forces and to a large extent represented repayments of advances which Lies had made to the son. The testimony offered by the petitioners to this effect was corroborated in part by a revenue agent called as a witness by the Commissioner and other evidence. The record contains no evidence of fraud. Because of the concession by the petitioners with regard to the item constituting interest *118 a Rule 50 computation will be necessary. Decision will be entered under Rule 50.